UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEHU HAND,<br><br>            Plaintiff,<br><br>     v.<br><br>YOUNG, *et al.*,<br><br>            Defendants. | No. 1:20-cv-00784-NONE-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 22) |

Plaintiff Jehu Hand is a former federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 29, 2021, the assigned magistrate judge screened the first amended complaint and issued findings and recommendations recommending that the complaint be dismissed without leave to amend for failure to state a claim.  (Doc. No. 22.)  The deadline to file objections has passed, and plaintiff has failed to file objections to the pending findings and recommendations or otherwise communicate with the court regarding this action.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the

/////

1

magistrate judge's findings and recommendations are supported by the record and by proper analysis.[1]

Accordingly,

1. The findings and recommendations issued on July 29, 2021 (Doc. No. 22), are adopted in full;
2. This action is dismissed without leave to amend for failure to state a claim; and
3. The Clerk of the Court is directed to assign a district judge to this case for the purpose of closing the case and then to close this case.

IT IS SO ORDERED.

Dated: **November 9, 2021**

UNITED STATES DISTRICT JUDGE

---

[1] The findings and recommendations conclude generally that the Ninth Circuit "has . . . refused to extend a *Bivens* remedy to a claim under the First Amendment." (Doc. No. 22 at 8.) The undersigned interprets this conclusion narrowly to extend only to the context presented in this case, namely a prisoner raising a First Amendment retaliation claim. Although the Ninth Circuit has recognized a *Bivens* action asserting a First Amendment claim in other contexts, *see Boule v. Egbert*, 998 F.3d 370, 389–92 (9th Cir. 2021) (extending *Bivens* to cover a business owner's First Amendment-retaliation claim brought against United States Border Patrol agent after finding other remedies to be unavailable), it has not done so with regard to retaliation claims brought by prisoners, *see Buenrostro v. Fajardo*, 770 F. App'x 807, 808 (9th Cir. 2019) (finding that a federal prisoner had other available remedies with respect to his First Amendment-retaliation claim). Citation to the unpublished Ninth Circuit opinion in Buenrostro is appropriate pursuant to Ninth Circuit Rule 36-3(b).

2